IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANNE E. WELLS,<br>    Plaintiff/<br>    Counter-defendant,<br>    v.<br><br>UNITED STATES OF AMERICA,<br>    Defendant/<br>    Counter-claimant. | CIVIL NO. 08-2110(NLH)(JS)<br><br>OPINION |

**APPEARANCES:**

JOHN R. CRAYTON
33 WEST SECOND STREET
MOORESTOWN, NJ 08057
    On behalf of plaintiff

BENJAMIN JOSEPH WEIR
UNITED STATES DEPARTMENT OF JUSTICE
BEN FRANKLIN STATION
PO BOX 227
WASHINGTON, DC 20044
    On behalf of defendant

**HILLMAN**, District Judge

   This case concerns the imposition of a penalty for unpaid payroll taxes owed to the United States of America.  Presently before the Court is the motion of defendant/counter-claimant, the United States of America, for partial summary judgment on plaintiff's claims against it.  For the reasons expressed below, defendant's motion will be denied.

**BACKGROUND**

   Federal law requires an employer to withhold federal income and social security taxes from employee wages, and to pay those taxes to the United States Treasury.  26 U.S.C. §§ 3102(a),

3402(a)(1), 7501(a) (explaining that the withholding taxes are held in trust for the United States and must be paid over to the United States).  If an employer does not pay the government those taxes, the government must still credit employees for the withholdings.  The government, however, has no recourse against the individual employee who failed to make the payments.  Therefore, in order to recoup the unpaid taxes, the government is permitted by statute to assess a penalty equal to 100% of the unpaid taxes against the individual responsible for collecting and paying the taxes.  26 U.S.C. §§ 6672, 7202.  Here, plaintiff challenges the assessment of such a penalty against her.

From 1992 through 2007, plaintiff, Anne Wells, with her husband, W. Steven Wells, owned Wells Care, Inc., a provider of home health care services.  Plaintiff, a registered nurse, owned fifty percent of the business and served as the company's vice-president.  According to plaintiff, she handled the patient care aspect of the business, and her husband, who served as president, handled all the finances.  In October 2007, the IRS assessed a penalty against plaintiff for her failure to collect, account for, and pay over employment taxes for the four tax periods between October 1, 2004 through September 30, 2005.

Plaintiff does not dispute that Wells Care, Inc. failed to make payroll tax deposits.  Plaintiff, however, claims that the assessment of the penalty against her is improper because her

2

husband was solely responsible for handling the business's finances, including the payment of payroll taxes, and that she did not know of his failure to do so until the spring of 2007. Further, she claims that even after she became aware of the delinquencies, she was assured by her husband that the tax issues were resolved, even though it turns out that they were not. She has filed this lawsuit against the United States to challenge the government's assessment of a penalty against her. In response, the United States has filed a counterclaim seeking to reduce plaintiff's tax liabilities to judgment. In its instant motion, the United States seeks judgment in its favor on plaintiff's claims.

## DISCUSSION

**A.    Jurisdiction**

Plaintiff brings her case pursuant to 26 U.S.C. § 6672, and jurisdiction is conferred upon this Court by 28 U.S.C. § 1346(a)(1).

**B.    Summary judgment standard**

Summary judgment is appropriate where the Court is satisfied that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 330 (1986); Fed. R. Civ. P.

56(c).

An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit.  Id.  In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence "is to be believed and all justifiable inferences are to be drawn in his favor."  Marino v. Industrial Crating Co., 358 F.3d 241, 247 (3d Cir. 2004)(quoting Anderson, 477 U.S. at 255).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial.  Id.  Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party.  Anderson, 477 U.S. at 256-57.  A party opposing summary judgment must do more than just rest upon mere allegations, general denials, or vague statements.  Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001).

**B.   Analysis**

In order to challenge a payroll tax penalty assessed against her, a plaintiff is required to pay the taxes of any individual employee, and then claim a refund. Boyajian v. U.S., 2006 WL 2987093, *1 (D.N.J. 2006) (citing Psaty v. United States, 442 F.2d 1154, 1159 (3d Cir. 1971)).  Here, plaintiff paid the IRS $400, which represents the withholding taxes of one Wells Care, Inc. employee for the four unpaid payroll tax periods.  She claimed a refund, which was disallowed by the government.  Plaintiff then filed the instant action against the United States for the $400 overpayment, as well as the abatement of the penalty (and the subsequently accruing interest and additional penalties) in the amount of $94,046.71.[1]

Once the IRS assesses a tax, a rebuttable presumption arises that the assessment is correct. Psaty, 442 F.2d at 1160.  The burden is on a taxpayer to show by a preponderance of the evidence that the assessment against her under § 6672 was incorrect by establishing either: (1) that she was not a responsible person within the meaning of the statute, or (2) that she did not willfully fail to pay the amount due to the IRS. Brounstein v.

---

[1] This amount has also been levied upon plaintiff's husband, who now is employed by the United States Post Office.  According to plaintiff, the IRS is presently taking $762.29 out of his bi-weekly paycheck.  Corporate officer assessments are not duplicative, and the amount Mr. Wells pays reduces plaintiff's overall potential liability.

U.S., 979 F.2d 952, 954 (3d Cir. 1992); see also Greenberg v. United States, 46 F.3d 239, 242 (3d Cir. 1994) (explaining that the two elements must be satisfied in order for a person to be subject to a penalty under 26 U.S.C. § 6672: (1) the individual must be a "responsible person" as defined in the tax code; and (2) the failure to pay over the taxes must have been "willful").

The United States has moved for summary judgment on plaintiff's claims against it, arguing that despite plaintiff's protestations that she was unaware of the unpaid taxes because she did not handle any of the financial aspects of the business, there is no factual dispute that under the penalty statute, plaintiff was both responsible for the payments, and willfully failed to make them. Plaintiff counters that issues of material fact exist as to whether she was responsible and willful, and therefore summary judgment should be denied.

A person responsible under § 6672 is a person required to collect, truthfully account for or pay over any tax due to the United States. U.S. v. Carrigan, 31 F.3d 130, 133 (3d Cir. 1994) (citing Brounstein, 979 F.2d at 954). "'Responsibility is a matter of status, duty, or authority, not knowledge.'" Id. (quoting Quattrone Accountants, Inc. v. IRS, 895 F.2d 921, 927 (3d Cir. 1990)). A responsible person need not have exclusive control over the company's finances, he need only have significant control. Id. (citing United States v. Vespe, 868 F.2d 1328, 1332 (3d Cir.

6

1989)). More than one person in a corporation may be deemed a "responsible person." Quattrone, 895 F.2d at 926.

In determining whether an individual is a person responsible for paying over a tax, courts also consider: (1) contents of the corporate bylaws, (2) ability to sign checks on the company's bank account, (3) signature on the employer's federal quarterly and other tax returns, (4) payment of other creditors in lieu of the United States, (5) identity of officers, directors, and principal stockholders in the firm, (6) identity of individuals in charge of hiring and discharging employees, and (7) identity of individuals in charge of the firm's financial affairs. Brounstein, 979 F.2d at 954-55 (citations omitted).

Once a person is found to be "responsible" under § 6672, that person is subject to a penalty assessment only if she "willfully" failed to collect, account for or pay over withholding taxes. The Third Circuit has explained:

> [W]illfulness is a voluntary, conscious and intentional decision to prefer other creditors over the Government. A responsible person acts willfully when he pays other creditors in preference to the IRS knowing that taxes are due, or with reckless disregard for whether taxes have been paid. In order for the failure to turn over withholding taxes to be willful, a responsible person need only know that the taxes are due or act in reckless disregard of this fact when he fails to remit to IRS. Reckless disregard includes failure to investigate or correct mismanagement after being notified that withholding taxes have not been paid. The taxpayer need not act with an evil motive or bad purpose for his action or inaction to be willful. Any payment to other creditors, including the payment of net wages to the corporation's employees, with knowledge that the

7

> employment taxes are due and owing to the Government, constitutes a willful failure to pay taxes.

Greenberg, 46 F.3d at 244.

In this case, plaintiff does not dispute that she was an officer of the company, had the ability to sign checks on the company's bank account, and that she hired employees. She disputes, however, everything else with regard to her status as a responsible person and whether her conduct was willful. Specifically, she argues: (1) there is no evidence as to the contents of the corporate bylaws[2], (2) even though she had the ability to sign checks, she hardly did so, (3) she never signed the tax returns, (4) her husband was solely in charge of the company's financial affairs, including all the bill paying, (5) payment of other creditors in lieu of the United States was made by her husband, and not done consciously by her, (6) her husband never told her of any tax problems, (7) when she learned of the tax problem in April 2007, her husband further misrepresented the extent of the problem, misrepresented that it was being taken care of, and perpetrated this ruse by intercepting mail directed to her from the IRS, which was proposing to assess a penalty onto her, (8) during the relevant time period, her responsibilities were to insure that patients received high quality care and that Wells Care

---

[2]The government contends that plaintiff failed to produce the corporation's by-laws in discovery, and therefore this element is neutral.

had employees who could provide such care, and (9) also during the relevant time period she was the primary caregiver for her six children, elderly cousin, her mother and father-in-law.  Based on this evidence, plaintiff argues that material facts exist as to whether she had "significant control" over the financial affairs of the company, and whether she voluntarily, consciously and intentionally preferred other creditors over the government when she knew taxes were due to the IRS, or acted with reckless disregard as to whether taxes had been paid.

In contrast, the United States argues no disputed facts exist as to her responsibility and willfulness.  In addition to her status as a fifty-percent shareholder, the exercising of her check signing authority, the ability to access the company's books and records, and her ability to hire and fire employees, she exercised "significant control" over the company's finances by determining employees' wages and prices to charge customers, contacting insurance companies when bills had not been paid, instructing the office manager on how to use her signature stamp and the company credit card and to make sure that the cell phone bill was timely paid.  She also had the authority to enter into contracts, open credit card or bank accounts, file tax returns, write a check to the IRS, and contact the bank to issue a stop-payment on a check.

With regard to willfulness, the United States argues that once she knew of a tax problem in April 2007, she acted recklessly by

9

never: asking to see the company's tax returns, reviewing its financial records, reviewing its cancelled checks to determine whether a check had been written to the IRS, becoming involved in attempting to correct the tax deficiencies, or ensuring that the $747,829.58 in deposits in the company's financial accounts were used to pay its tax liabilities.  Further, the United States contends that plaintiff was negligent in failing to discover that her husband wrote checks payable to himself or "cash" totaling $71,500, and she consciously continued to accept paychecks.  Based on this evidence, the United States contends that there is no dispute that plaintiff has not rebutted the presumption of the validity of the penalty assessed against her.

   The United States' evidence is insufficient to determine, as a matter of law, that plaintiff is a "responsible person" and acted "willfully."  First, even though much of the evidence indicates that plaintiff had the ability to exercise control over Wells Care's finances, it is disputed whether plaintiff actually exercised that ability so that it could be said that she had "significant control" over the company's finances.  The United States points to her position as fifty-percent shareholder and the apparent authority that status provided plaintiff--to sign checks, access the books and records, enter into contracts, open bank and credit card accounts, and file tax returns.  While it is not disputed that plaintiff may have had some ability to do those

things, the United States has not demonstrated with the requisite clarity, detail, and certainty her legal authority within the corporate structure to exercise control and the extent to which she actually exercised that authority.  Further, evidence that she could hire and fire employees, determine rates to charge clients, and instruct the office manager on how to use her signature stamp and make sure the phone bill is paid on time do not evidence that she had the "final or significant word over which bills or creditors get paid."  Quattrone, 85 F.2d at 927 (explaining the meaning of "significant control").[3]

---

[3] The United States cites out-of-circuit caselaw to support the proposition that a person may be deemed "responsible" simply because she had the ability to exert control, and not whether she actually did and to what extent.  (Def. Br. at 6.)  This reading of the cases cited is too narrow, as they focus on whether a person has "significant control"--and not just any type of control--which is consistent with Third Circuit precedent.  See Muck v. U.S., 3 F.3d 1378, 1381 (10th Cir. 1993) (holding that "a corporate officer or employee is responsible if he or she has significant, though not necessarily exclusive, authority in the general management and fiscal decisionmaking of the corporation; [t]he existence of such authority, irrespective of whether that authority is actually exercised, is determinative; [l]iability is not confined to the person with the greatest control; [t]hus, even if a business manager has more day-to-day control, such fact will not insulate an otherwise responsible person from liability" (citations omitted)); Kinnie v. U.S., 994 F.2d 279, 284 (6th Cir. 1993) ("[O]ne who possesses significant control over the company's financial affairs may not escape liability by delegating the task of paying over the taxes to someone else."); Purcell v. U.S., 1 F.3d 932, 937 (9th Cir. 1993) ("[W]e conclude that an individual may be said to have 'had the final word as to what bills should or should not be paid' if such individual had the authority required to exercise significant control over the corporation's financial affairs, regardless of whether he exercised such control in fact.").

In contrast, by way of her own testimony, and the proffered testimony of her husband and employees, plaintiff has demonstrated facts that suggest she had little or no control over the company's finances.  According to plaintiff and her witnesses, plaintiff took care of the day-to-day business of matching and managing clients and employees, and the tasks attendant to the daily business operations.  Plaintiff's husband, on the other hand, took care of the financial side of things, including banking, bill paying, tax filing and tax deposits.  Neither plaintiff's husband nor the government disputes that plaintiff's husband is a responsible party under § 6672 and that he had significant control over the company's financial affairs.  No one disputes that plaintiff did not sign the tax returns, and no one disputes that she was not aware of the tax problems until April 2007.  Even though more than one person in a corporation may be held to be "responsible," disputed facts remain as to the significance of plaintiff's control over the finances of Wells Care.  Therefore, summary judgment must be denied as to the determination of whether plaintiff is a "responsible person" under § 6672.[4]

Similarly, disputed issues of material fact exist with regard

---

[4]The United States refers the Court to Grillo v. Corigliano, 331 B.R. 614 (Bankr. D.N.J. 2005) to support its position that plaintiff is a responsible person.  The Grillo opinion, however, is the bankruptcy court's findings following a bench trial, where the court weighed the evidence and the credibility of the parties and witnesses in rendering its decision.  Here, a jury must make that determination.

to whether plaintiff "willfully" failed to collect, account for or pay over withholding taxes.  Under § 6672, "a negligent failure to pay the withholding taxes is excusable whereas a willful failure - arising from either intentional conduct or reckless disregard - subjects the taxpayer to a penalty."  Boyajian v. U.S., 2006 WL 2987093, *8 (D.N.J. 2006) (citing Vespe, 868 F.2d at 1335). The reckless disregard standard is a three-part test: (1) there must have been a grave risk that the withholding taxes were not being paid, (2) the taxpayer clearly ought to have known about the risk, and (3) the taxpayer must have been in a position to find out for certain very easily.  Id. (citing Vespe, 868 F.2d at 1335).

   The current state of the record may demonstrate that plaintiff acted negligently, but a material dispute remains as to whether plaintiff was reckless.  First, the government does not appear to dispute that plaintiff was completely in the dark about the tax problems prior to her April 2007 meeting with the IRS.  Thus, with regard to her conduct prior to that time, it cannot be found that she acted willfully in not paying the taxes, or paying other creditors in lieu of the IRS.  For her conduct after April 2007, even assuming that reasonable jurors would find that plaintiff should have known that there was a grave risk that the tax bill continued to be delinquent based on her husband's prior conduct, material facts are disputed with regard to whether plaintiff was in a position to very easily find out for certain.

13

The government argues that plaintiff intentionally buried her head in the sand after her husband assured her that he was rectifying the tax problems. The government paints the picture that she was aware of the tax issues and her husband's concealing of those issues, yet she failed to do any follow-up to make sure the taxes were being paid, and instead allowed the "after-acquired" funds[5] to be used to pay her salary and other creditors. The government contends that plaintiff's conduct was reckless, and, therefore, willful.[6]

Whether plaintiff's actions were reckless, merely negligent, or completely appropriate is for a jury to decide, however. Plaintiff has presented evidence that not only did her husband

---

[5] The United States cites out-of-circuit caselaw regarding the "after-acquired funds" rule. (Def. Br. at 9-10.) This rule provides that if a responsible person fails to pay the government with unencumbered funds acquired after being made aware of delinquent tax liabilities, that responsible person is considered to have willfully failed to pay over taxes for those past delinquencies, even if she did not know of the past delinquencies at the time. United States v. Kim, 111 F.3d 1351, 1357-58 (7th Cir. 1997). Even if the "after-acquired funds" rule were the law in this Circuit, although there is no indication that it is, it is not dispositive at this point, because issues of material fact exist as to whether plaintiff is a responsible person. Moreover, the same material issues of fact regarding her husband's attempts to mislead her about the IRS delinquency would seem to preclude application of the "after-acquired funds" rule if a reasonable jury could conclude that Plaintiff believed her husband had satisfied the IRS debt sometime after the April 2007 notice.

[6] Despite arguing that plaintiff's conduct was intentional and/or willful, the United States describes plaintiff's failure to discover that her husband wrote checks to himself and to "cash" as "negligent." (Def. Br. at 9.)

14

assure her that he was handling the tax issues, he further misrepresented the extent of the problem, and intercepted mail from the IRS addressed to plaintiff that would have alerted her to the continued delinquencies, as well as the possibility of the IRS assessing a penalty on her.  Although it is generally true that "the assurance by another that the taxes will be taken care of is not a defense to liability under section 6672," Greenberg v. U.S., 46 F.3d 239, 244 (3d Cir. 1994) (citing Denbo v. United States, 988 F.2d 1029, 1033-34 (10th Cir. 1993)),[7] here, whether plaintiff was reckless in believing her husband, and whether plaintiff was reckless in not taking a more proactive approach in monitoring the company's tax liabilities, is not something the Court can decide, because that determination hinges on the credibility of plaintiff and her witnesses.  See Marino v. Industrial Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255) (stating that a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence is to be believed and all justifiable inferences are to be drawn in his favor).  Further, as pointed out by plaintiff, § 6672 does not impose strict liability onto an individual: "Section 6672 cannot be read as imposing upon

---

[7]Cf. U.S. v. Rem, 38 F.3d 634, 643 (2d Cir. 1994) ("[A] responsible person's failure to cause the withholding taxes to be paid is not willful if he believed that the taxes were in fact being paid, so long as that belief was, in the circumstances, a reasonable one.").

15

the responsible person an absolute duty to 'pay over' amounts which should have been collected and withheld.  The fact that the provision imposes a 'penalty' and is violated only by a 'willful failure' is itself strong evidence that it was not intended to impose liability without personal fault.  Congress, moreover, has not made corporate officers personally liable for the corporation's tax obligations generally, and § 6672 therefore should be construed in a way which respects that policy choice." Slodov v. U.S., 436 U.S. 238, 254 (1978).  Consequently, plaintiff has provided sufficient proof to go to a jury regarding whether she acted "willfully" under § 6672.[8]

## **CONCLUSION**

Did plaintiff exert significant control over the financial affairs of her company and recklessly permit payroll takes to remain unpaid, or was she a caregiver to her business clients and family handling day-to-day duties of the company while being a victim of her husband's deceit regarding payroll tax delinquencies? Even though there is a presumption that the tax penalty assessed against plaintiff is correct, plaintiff has provided sufficient

---

[8]To rebut the presumption of the validity of the penalty, a taxpayer must prove by the preponderance of the evidence that she is either not a responsible person or did not act willfully.  She does not need to negate both elements.  On the other hand, for the imposition of the penalty to be proper, the government must prove that the taxpayer is both a responsible person and acted willfully.  See Greenberg v. United States, 46 F.3d 239, 242 (3d Cir. 1994); Brounstein v. U.S., 979 F.2d 952, 954 (3d Cir. 1992).

proof to rebut the presumption, and to have the jury decide that question.  Accordingly, the United States' motion for summary judgment is denied.  An appropriate Order will be entered.

Date: October 21, 2009                    /s Noel L. Hillman

At Camden, New Jersey                    NOEL L. HILLMAN, U.S.D.J.

17